## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DESMOND HARRIS,           )
                                 )
            Plaintiff,       )
                                 )
      v.                 )         No. 4:24-CV-00784 JMB
                                 )
22ND JUDICIAL CIRCUIT,     )
                                 )
           Defendant.     )

### OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of plaintiff Desmond Harris, a prisoner incarcerated at Eastern Reception Diagnostic and Correctional Center (ERDCC) for leave to proceed in forma pauperis in this civil action. [ECF No. 2]. Having reviewed the motion and financial information, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss this action at this time. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

 Plaintiff has not submitted a *certified* prison account statement for the prior six-month

period prior to the filing of this action. Rather, plaintiff submitted a non-certified account statement

for the time period between April 30, 2024, and May 21, 2024. *See* ECF No. 3. As a result, the

Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris,*

129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified

copy of his prison account statement, the Court should assess an amount "that is reasonable, based

on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay

the initial partial filing fee, he must submit a copy of his prison account statement in support of his

claim.

## Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis and must dismiss it if

it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490

U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does

not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need

not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief

above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an

2

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

The following information is relevant to the claims plaintiff raises in the complaint. The information is taken from public records published on Missouri Case.net in plaintiff's Missouri State criminal cases, *State v. Harris,* No. 2022-CR00674 (22nd Jud. Cir., St. Louis City Court) and *State v. Harris*, No. 2322-CR01045 (22nd Jud. Cir., St. Louis City Court). This Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007).

On March 1, 2020, plaintiff was charged by criminal complaint in St. Louis City Circuit Court with tampering with a motor vehicle in the first degree and resisting or interfering with a lawful stop/arrest. *State v. Harris,* No. 2022-CR00674 (22nd Jud. Cir., St. Louis City Court). *Id.*

St. Louis City Police Officer Frigerio completed the probable cause statement in the case on March 1, 2020, stating:

> On February 29, 2020, we were notified by the Real Time Crime Center that a black Audi A4 that had been reported stolen was identified near the above location. We followed the vehicle, with the assistance of a helicopter, until it stopped in an alleyway. As we approached the vehicle, I observed Defendant exit the driver's seat as he was looking up at the helicopter. Defendant then began to flee on foot, and continued to ignore my commands to stop after I announced that I was a police officer. Defendant was eventually apprehended after hiding in a stairway landing at a nearby house. When questioned about the stolen vehicle defendant stated he had purchased the vehicle for $1500.00 and paid another individual to put a license plate on the vehicle. We were able to speak to Patrick Thomas, the owner of the vehicle, and Patrick Thomas did not know defendant or give defendant permission to drive the vehicle. Patrick Thomas did not sell the vehicle to defendant.

*See id.*

A bond hearing was held on March 2, 2020, and plaintiff was released on his own recognizance. *Id.* A felony Indictment was filed against plaintiff on February 5, 2021, charging plaintiff with the same charges as those in the criminal complaint. Plaintiff was again released on his own recognizance. *Id.* On May 3, 2022, plaintiff plead guilty to felony tampering with a motor vehicle and misdemeanor resisting arrest. As to the tampering charge, plaintiff was sentenced to a Suspended Imposition of Sentence (SIS) of four years of imprisonment in the Missouri Department of Corrections under the supervision of the Missouri Board of Probation and Parole. As to the resisting arrest charge, plaintiff was sentenced to an SIS of one year of imprisonment in the Missouri Department of Corrections under the supervision of the Missouri Board of Probation and Parole. Probation was officially granted to plaintiff on June 16, 2022, according to the Circuit Court docket. *Id.*

On June 27, 2022, the Missouri Board of Probation and Parole indicated to the Circuit Court that plaintiff had violated his probation because of an alleged criminal action and sought a capias warrant for plaintiff. *Id*. Although plaintiff's probation was initially suspended based on criminal charges in *State v. Harris*, No. 2222-CR00884-01 (22nd Jud. Cir., St. Louis City Court), plaintiff's probation was reinstated on May 25, 2023, after he was found not guilty in a jury trial in that case. *Id.* However, plaintiff's probation was again suspended on June 20, 2023, after the Missouri Board of Probation and Parole initiated a suspension based on a new arrest in *State v. Harris*, No. 2322-CR01045 (22nd Jud. Cir., St. Louis City Court).

On May 26, 2023, plaintiff was charged by criminal complaint in St. Louis City Circuit Court with robbery in the first degree, two counts of armed criminal action, assault in the first degree/or attempt to cause serious physical injury, burglary in the second degree and felony stealing. *State v. Harris*, No. 2322-CR01045 (22nd Jud. Cir., St. Louis City Court).

Detective Samuel Stewart completed the probable cause statement in the case May 26, 2023, stating:

> The facts supporting [the charges] are as follows: On June 3, 2022, the victim, M.B., responded to his home where his ex-girlfriend, Barbara Taylor was present with the defendant, Desmond Harris. The victim's apartment door was open, and several pairs of shoes were missing from his home. The defendant confronted the victim about his breakup with Taylor. The defendant then pointed a gun at the defendant and stole the gun in the victim's car and in his bag. The defendant then fired several shots at the victim, striking him in the groin and his lower extremities. The defendant then fled in the victim's silver 2014 Chevy Camaro. Police officers arrive on scene and found the victim injured outside of his apartment. The victim was taken to Barnes Jewish Hospital to be treated for his injuries.
>
> Based on the foregoing, the fact the defendant was previously charged with Assault 1st and Armed Criminal Action in Case 2222-CR00884-01 and the defendant's criminal history, I believe he is a danger to the victim and the community. The defendant is also on probation to Judge Theresa Burke in Case 2022-CR00674-01.

*See id.*

Bond was denied at the detention hearing on May 30, 2023. *Id.* An Indictment mirroring the same charges in the criminal complaint was filed on July 12, 2023. *State v. Harris*, No. 2322-CR01045-01 (22nd Jud. Cir., St. Louis City Court). And an Amended Information was filed on February 21, 2024, on the morning of the first day of plaintiff's jury trial, again listing the same charges. Plaintiff was found guilty on February 22, 2024, by a jury, as to robbery in the first degree, two counts of armed criminal action and assault in the first degree/attempting to cause serious physical injury. He was sentenced on April 25, 2024, to a total term of imprisonment of 50 years in the Missouri Department of Corrections. *Id.*

Plaintiff is presently incarcerated at Eastern Reception Diagnostic and Correctional Center.

## The Complaint

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against the "22nd Judicial Circuit City of St. Louis Circuit Court." Although it is not entirely clear, it also appears that plaintiff wishes to sue the prosecutor in his criminal action in *State v. Harris*, No. 2322-CR01045-01 (22nd Jud. Cir., St. Louis City Court). Plaintiff sues this defendant in his official capacity.

Plaintiff asserts that he was "wrongfully convicted of a crime." He lists the date of his wrongful conviction as June 10, 2022.[1] Although plaintiff does not list the case number for the case he was sentenced, he claims that the prosecutor held him in St. Louis City Justice Center with no bond, in a cell for 23 hours per day for approximately two years until he went to trial. Plaintiff alleges that he suffered "PTSD" and "trauma." He also asserts that he "got shot" in his chest and "lost family."

For relief in this action, plaintiff seeks monetary compensation.

---

[1] The Court has reviewed Missouri Case.Net and cannot find a conviction that occurred on this date.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

For the reasons explained below, the Court finds that plaintiff's claims in this action relative to any findings made in his criminal cases in *State v. Harris,* No. 2022-CR00674-01 (22nd Jud. Cir., St. Louis City Court) and *State v. Harris*, No. 2322-CR01045-01 (22nd Jud. Cir., St. Louis City Court) are subject to dismissal because they are barred by *Heck v. Humphrey*. Even if *Heck* did not apply to these claims, all claims relating to the aforementioned cases, as outlined above, would be subject to dismissal because it is apparent from the face of the complaint that the claims against the St. Louis City Circuit Court fail to state a claim as they are actually claims againt the State of Missouri and barred by sovereign immunity. Additionally, any claims brought against the prosecutor are barred by prosecutorial immunity.

### A.  Plaintiff's Claims Relating to the Criminal Cases Outlined Above Are *Heck*-Barred

To the extent plaintiff seeks to hold the St. Louis City Circuit Court or the prosecutors in *State v. Harris,* No. 2022-CR00674-01 (22nd Jud. Cir., St. Louis City Court) and *State v. Harris*, No. 2322-CR01045-01 (22nd Jud. Cir., St. Louis City Court) liable for causing him to be wrongfully arrested, convicted, and sentenced, he is unable to do so as these claims are *Heck*-barred.

The Supreme Court has held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his convictions, sentences, or continued imprisonment unless the convictions or sentences have been reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486-87; *Schafer v.*

*Moore*, 46 F.3d 43, 45 (8th Cir. 1995). In this case, ruling in plaintiff's favor on these claims would necessarily imply the invalidity of his criminal convictions or sentences. Plaintiff does not aver, nor does it appear, that his convictions or sentences have been reversed, expunged, or called into question by the issuance of a writ of habeas corpus. Therefore, the Court concludes that these claims are barred by *Heck v. Humphrey*, 512 U.S. 477.

**B.  Plaintiff's Claims Against the St. Louis City Circuit Court are Barred by Sovereign Immunity**

Plaintiff's main defendant in this case is the "22nd Judicial Circuit City of St. Louis Circuit Court." He seeks to hold this defendant responsible for holding him in custody, prosecuting him and "wrongfully convicting him of a crime." However, "a suit against a state court is, in effect, a suit against the State of Missouri." *Engel v. Missouri Cts.*, 2020 WL 7493195, at *2 (E.D. Mo. Dec. 21, 2020).

First, to the extent that plaintiff seeks money damages, the State of Missouri is not a 42 U.S.C. § 1983 "person." "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Because plaintiff is missing an essential element of a § 1983 action, his claim for money damages against the Circuit Court, and by default, the State of Missouri, must be dismissed.

8

Second, sovereign immunity also protects the Circuit Court and the State of Missouri from plaintiff's claims for money damages. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). Sovereign immunity also bars a claim for money damages against a state official sued in an official capacity. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that 42 U.S.C. § 1983 – under which this case arises – does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will,* 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception does not apply because the State of Missouri has not waived its immunity in this type of case. *See* RSMo § 537.600 (explaining that sovereign immunity is "in effect," and providing exceptions relating to the "negligent acts or omissions by public employees arising out of the operation of motor vehicles…within the course of their employment," and regarding "[i]njuries caused by the condition of a public entity's property"). For this reason as well, plaintiff's claim for money damages against the State of Missouri must be dismissed. For all these reasons, plaintiff has not demonstrated the liability of the State of Missouri.

### C. Plaintiff's Claims Against Unnamed Prosecuting Attorney are Barred by Prosecutorial Immunity

In addition to making allegations against the Circuit Court, plaintiff also appears to make allegations against an unnamed prosecuting attorney in his complaint. The Court assumes that plaintiff is pursuing claims against the unnamed prosecuting attorney for pursuing criminal charges against him and representing the State of Missouri and the City of St. Louis during his criminal action in *State v. Harris*, No. 2322-CR01045-01 (22nd Jud. Cir., St. Louis City Court).

To the extent plaintiff is pursing claims against an unnamed prosecuting attorney, this defendant is immune from allegations relating to such claims. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions

taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Allegations of improper motive do not save plaintiff's claims. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (a prosecutor is immune from suit even if he knowingly presents false, misleading or perjured testimony, or withholds or suppresses exculpatory evidence).

Plaintiff additionally alleges in his complaint that he was incarcerated for two years without bond. Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a plaintiff is required to exhaust state remedies before seeking federal court relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). There is no indication that plaintiff ever attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. He has not established any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances). As such, plaintiff's excessive bond claim will be dismissed.

**Conclusion**

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that plaintiff's claims are subject to dismissal based on the aforementioned analysis. The Court can envision no amendment to the complaint that would cause it to state a valid claim for relief. Therefore, the Court will dismiss this action at this time, without prejudice. The Court will also deny as moot plaintiff's motion seeking the appointment of counsel, *see* ECF No. 4.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED AS MOOT.**

**IT IS HEREBY CERTIFIED** that an appeal from this Order of Dismissal would not be taken in good faith.

Dated this 7th day of June, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

12